**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-5215**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RAUL TRONCO-RAMIREZ, a/k/a Carlos Cruz Perez, a/k/a Carlos
Cruz, a/k/a Godfather, a/k/a Padrino,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.  Michael F. Urbanski,
District Judge. (5:10-cr-00028-MFU-JGW-4)

———————

Submitted:  July 19, 2012         Decided:  July 27, 2012

———————

Before AGEE, KEENAN, and WYNN, Circuit Judges.

———————

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

———————

David L. Parker, DAVID L. PARKER, P.C., Harrisonburg, Virginia,
for Appellant.  Timothy J. Heaphy, United States Attorney, Jean
B. Hudson, Assistant United States Attorney, Charlottesville,
Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raul Tronco-Ramirez pled guilty, pursuant to a written plea agreement, to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 924(c)(1) (2006). The district court sentenced Tronco-Ramirez to 300 months' imprisonment, followed by five years of supervised release. Tronco-Ramirez's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he could find no meritorious issues for appeal, but questioning whether the trial court erred (1) by accepting the plea agreement and failing to impose a sentence below the advisory Guidelines range; or (2) by failing to apply the safety-valve statute under 18 U.S.C. § 3553(f) to sentence Tronco-Ramirez below the statutorily-mandated minimum term of imprisonment. Tronco-Ramirez has filed an informal brief, arguing that his 300-month sentence is unreasonable.

In response, the Government argues that Tronco-Ramirez's sentencing challenges are barred by the appellate waiver provision in his plea agreement. We review de novo whether a defendant has effectively waived his right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). An

2

appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if a court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, this court will "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." Id. (internal quotation marks and citation omitted).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Tronco-Ramirez knowingly and voluntarily waived his right to appeal his sentence. A Spanish-speaking interpreter read the plea agreement to Tronco-Ramirez, line by line, and translated the plea agreement into Spanish for him to read, ensuring that he understood its terms. In addition, at the Rule 11 hearing, the

3

court reviewed the plea agreement in depth, discussing the mandatory minimum sentences associated with each charge and highlighting the fact that Tronco-Ramirez faced a total mandatory minimum sentence of no less than forty years' imprisonment should he proceed to trial. After the Government read its essential terms into the record, the court reiterated that Tronco-Ramirez waived the right to appeal his sentence in the plea agreement. Tronco-Ramirez, forty-two-years-old with an eighth grade education, indicated that he understood the plea agreement and did not have any questions. Of significance, Tronco-Ramirez does not challenge the validity of the waiver provision in his Anders brief or in his informal brief. Accordingly, the waiver provision is valid and enforceable.

In the plea agreement, Tronco-Ramirez agreed to waive the right to appeal his sentence "on any ground," reserving only the right to collaterally attack his convictions and sentence based upon ineffective assistance of counsel. As the Government seeks to enforce the waiver provision and the issues raised by Tronco-Ramirez fall within the scope of his appellate waiver, this court is precluded from considering his sentencing arguments on appeal. We therefore dismiss Tronco-Ramirez's appeal of his sentence.

The waiver provision, however, does not preclude this court's review of Tronco-Ramirez's convictions pursuant to

4

Anders.  Prior to accepting a guilty plea, a trial court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty.  Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the district court must ensure that the defendant's plea was voluntary and did not result from force, threats, or promises not contained in the plea agreement.  Fed. R. Crim. P. 11(b)(2).

Because Tronco-Ramirez did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, the colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). To demonstrate plain error, a defendant must show that (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights."  United States v. Olano, 507 U.S. 725, 732 (1993).  To establish that a Rule 11 error has affected a defendant's substantial rights, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea."  United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

We find that the district court complied with the requirements of Rule 11. The court ensured that Tronco-Ramirez's guilty plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the statutorily-mandated minimum sentence that he faced, and that he committed the offenses to which he pled guilty. In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Tronco-Ramirez's convictions.

This court requires that counsel inform Tronco-Ramirez, in writing, of his right to petition the Supreme Court of the United States for further review. If Tronco-Ramirez requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tronco-Ramirez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART